IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11–cv–00265–CMA–KMT

SUZIE BALTAZAR,
DIANE BALTAZAR, and
ALEJANDRO PEREZ,

      Plaintiffs,

v.

UNITED STATES OF AMERICA,
ROBERT REDARTE, and
OTHER UNKNOWN AGENTS OF THE FEDERAL BUREAU OF INVESTIGATION,

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This matter is before the court on Plaintiffs' "Motion to for [sic] Leave to File Amended Complaint Pursuant to Federal Rule of Civil Procedure 15(a)(1)(B)." (Doc. No. 22, June 30, 2011 ["Mot."].) Defendant United States of America filed its "Opposition to Plaintiff's Motion for Leave to File Amended Complaint" on July 25, 2011. (Doc. No. 32 ["Resp."].) Plaintiffs did not file a reply. This motion is ripe for review and recommendation.

Plaintiffs filed this case on February 1, 2011, alleging three claims for relief under the Federal Tort Claims Act ("FTCA") and 42 U.S.C. § 1983. (*See* Doc. No. 1.) Plaintiffs' claims involve an incident that occurred on February 14, 2009, when a member of a street gang fired shots into the home of the plaintiffs while working with a confidential informant allegedly hired

by the FBI.  (*See* Doc. No. 22-1, ¶¶ 5–11.)  Plaintiffs allege they "were subjected to the traumatic events [of that night] and suffered deep emotional and psychological scars."  (Doc. No. 22-1, ¶ 12.)

Plaintiffs now wish to amend their Second Claim for Relief to substitute the previously named "Other Unknown Agents of the Federal Bureau of Investigation" with the names of individual FBI agents.  (Mot. at 1.)  Plaintiffs also wish to amend their Second Claim for Relief to, "in response to the Govenment's motion to dismiss the complaint under Federal Rule of Procedure 12, . . . specif[y] the Constitutional violation under *Bivens v. Six Unknown Named Agents of the Bureau of Narcotics*, 403 U.S. 388 (1971) and *Monfils v. Taylor*, 165 F.3d 511 (7th Cir. 1998)."  Plaintiffs also wish to "eliminate the third claim of relief for the intentional infliction of emotion distress."  (*Id.*)

Pursuant to Federal Rule of Civil Procedure 15(a), "[t]he court should freely give leave [to amend the pleadings] when justice so requires."  *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir.2003).  The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for

> the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983).

Defendant does not, and likely could not, argue that Plaintiff's motion is unduly delayed. The Scheduling Order in this case was entered the day Plaintiffs filed their Motion and established a deadline for amending the pleadings of August 18, 2011. (Doc. Nos. 25 and 26, 18 ¶ 9(a).) Accordingly, Plaintiff's Motion is timely.

Rather, Defendant argues that Plaintiffs' Motion should be denied because the proposed amendments would be futile. (Resp. at 1.) Defendant maintains that the proposed amendments are futile because (1) the claims are untimely and do not relate back to the original complaint; and (2) the proposed amendments do not contain sufficient allegations to state a viable *Bivens* claim. (Resp. at 2–6.)

## ANALYSIS

### A.   *Statute of Limitations on* **Bivens** *Claims and § 1983 Actions*

Defendant argues that Plaintiffs' *Bivens* claim is barred by the statute of limitations. (Resp. at 2–3.) "A *Bivens* action is subject to the limitation period for an action under Title 42 U.S.C. § 1983, and that limitation period is set by the personal injury statute in the state where the cause of action accrues." *Roberts v. Barreras*, 484 F.3d 1236, 1238 (10th Cir. 2007) (citations omitted). In Colorado, the limitation on personal injury claims is two years. *See* Colo. Rev. Stat. §§ 13-80-102(1)(a), (g) (establishing a two-year limitation period for "all actions upon

3

liability created by a federal statute where no period of limitation is provided in said federal statute" and for "all other actions of every kind for which no other period of limitation is provided"); *Blake v. Dickason*, 997 F.2d 749, 750 (10th Cir. 1993) (applying § 13-80-102 to § 1983 claim).

"Although state law establishes the statute of limitations, federal law determines when plaintiffs' federal *Bivens* claims accrued." *Van Tu v. Koster*, 364 F.3d 1196, 1199 (10th Cir. 2004) (citing *Industrial Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 969 (10th Cir. 1994)). "Under federal law, the statute of limitations on a *Bivens* claim begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action." *Van Tu*, 364 F.3d at 1199 (internal quotation marks and citation omitted). *See also Kripp v. Luton*, 466 F.3d 1171, 1175 (10th Cir. 2006) ("[F]or Bivens actions (the federal analogue to § 1983 claims), we have held that a claimant's cause of action accrues when the claimant knew or had reason to know 'of the existence and cause of injury which is the basis for his action.' ") (citation omitted). "[I]t is not necessary that a claimant know all of the evidence ultimately relied on for the cause of action to accrue." *Baker v. Board of Regents of State of Kan.*, 991 F.2d 628, 632 (10th Cir. 1993).

Defendant argues that Plaintiffs' claims accrued on February 14, 2009. (Resp. at 2.) However, Plaintiffs could not have "know[n] or ha[d] reason to know of the existence and cause of the injury which is the basis of [their *Bivens*] action," *Van Tu*, 364 F.3d at 1199, until they knew that the shooter allegedly was working with the FBI. Though Plaintiffs allege in the proposed Amended Complaint that they "presented their FTCA administrative claims to the

[FBI]" on February 9, 2010 (Doc. No. 22-1, ¶ 17)–meaning that at least by that date they had knowledge that the shooter had alleged ties to the FBI to claim an action under *Bivens*–neither party has addressed when Plaintiffs were first aware of the FBI's alleged involvement.  Thus, because it is not clear from the complaint or the briefing that the statute of limitations bars Plaintiffs' claims, Defendant's argument in this regard fails.

### B.    *Relation Back under Fed. R. Civ. P. 15(c)*

Defendant also argues that the amendments do not relate back to Plaintiffs' original pleading.  However, because this court cannot determine at this time whether the statute of limitations bars Plaintiffs' proposed amendments, and as leave to amend cannot be denied on that basis, the question of whether the amended complaint relates back to the original is unable to be sufficiently argued at this time.

### C.    *Failure to State a Claim*

Finally, Defendant argues that Plaintiffs' motion to amend their complaint should be denied as futile because Plaintiffs fail to state a claim upon which relief can be granted.  (Resp. at 5–6.)  Pursuant to *Bivens*, a plaintiff may have a "private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1947 (2009) (citation omitted).  However, "to state a claim based on a violation of a clearly established right, [Plaintiff] must plead sufficient factual matter to show that" Defendants violated a specific constitutional provision. *Iqbal*, 129 S. Ct. at 1948–49. In addition, a claim must go beyond providing a "formulaic recitation of the elements" to satisfy a party's pleading burden.  129 S. Ct. at 1949 (citation omitted).  Finally, the claim and the

supporting allegations must provide sufficient facts to explain how a particular defendant personally participated in the alleged harm. *Id.* at 1952. To this end, "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's actions harmed him or her, and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I. C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The only reference to any of the proposed added defendants in the amended complaint is that Defendant Rodarte "called FBI Task Force Officer Richardson in an effort to obtain Mr. Perez's address. Mr. Rodarte told TFO Richardson, 'we gotta do this for Orlando.' " (Doc. No. 22-1, ¶ 10.) The proposed amended complaint does not contain a single allegation about Officers Storey, Schirmer, Hunt, or Smith, and their names appear only on the caption of the document and in the heading for the Second Claim for Relief. However, Plaintiffs fail to identify how any of the proposed defendants personally participated in the alleged harm, *Iqbal*, 129 S. Ct. at 1952, or what any of the proposed defendants "did to [them]; when the [proposed] defendant[s] did it; how the [proposed] defendant[s'] actions harmed [them], and, what specific legal right the plaintiff[s] believe[] the [proposed] defendants violated," *Nasious*, 492 F.3d at 1163.

As Plaintiffs have not alleged sufficient facts to establish any personal involvement by Officers Richardson, Storey, Schirmer, Hunt, or Smith in the alleged *Bivens* claim, Plaintiffs' motion to amend their Second Claim for Relief and to add Officers Richardson, Storey, Schirmer, Hunt, or Smith as defendants should be denied.

### D. *Third Claim for Relief*

Plaintiffs also seek to eliminate their Third Claim for Relief for Intentional Infliction of Emotional Distress. (Mot. at 1; *compare* Doc. No. 1 *with* Doc. No. 22-1.) Defendant has not addressed this proposed amendment in its response. However, Defendant did move to dismiss Plaintiffs' First and Third Claims for relief asserted in their original complaint, on the bases that the Court lacks jurisdiction (*see* Doc. No. 10 at 4–14) and Plaintiffs have not stated a claim upon which relief can be granted (*see id.* at 13–14.) Thus, Defendant could not argue bad faith or dilatory motive, undue prejudice, or futility of this amendment. Moreover, there is no allegation and no support for an allegation that Plaintiffs have engaged in repeated failure to cure deficiencies by amendments previously allowed. Thus, Plaintiffs' motion to amend to eliminate their Third Claim for relief should be granted.

## CONCLUSION

WHEREFORE, based on the foregoing, it is

RECOMMENDED that Plaintiffs' "Motion to for [sic] Leave to File Amended Complaint Pursuant to Federal Rule of Civil Procedure 15(a)(1)(B)." (Doc. No. 22) be GRANTED in part and DENIED in part as follows:

1. Plaintiffs' Motion should be denied to the extent Plaintiffs wish to amend their Second Claim for Relief to substitute the previously named "Other Unknown Agents of the Federal Bureau of Investigation" with the names of FBI Task Force Officers Thomas Storey and Matt Richardson, and FBI Special Agents Jeff Schirmer, Joseph Hunt, and Steven Smith and to assert claims against the FBI officers and agents; and

2. Plaintiffs' Motion should be granted to the extent Plaintiffs wish to eliminate their Third Claim for Relief for Intentional Infliction of Emotional Distress.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir.

1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 26th day of August, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge